UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOUISIANA WORKERS' COMPENSATION CORPORATION | * | CIVIL ACTION NO. 17-3199 |
| | * | SECTION: J(2) |
| V. | | |
| | * | JUDGE BARBIER |
| BP, PLC, ET AL. | | |
| | * | MAG. JUDGE CURRAULT |

## ORDER & REASONS

Before the Court is defendants BP Exploration & Production Inc. and BP America Production Company's (together, "BP") motion to dismiss plaintiff Louisiana Workers' Compensation Corporation's ("LWCC") amended complaint. (Motion, Rec. Doc. 18; Reply Br., Rec. Doc. 24).[1] LWCC opposes. (Rec. Doc. 21). After considering the parties' arguments, the applicable law, and the relevant record, the Court **denies** the motion for the reasons below.

### BACKGROUND

On April 20, 2010, a blowout, explosions, and fire occurred on the DEEPWATER HORIZON, a semi-submersible drilling rig, resulting in a massive oil spill in the Gulf of Mexico. BP, which owned a majority interest in the lease on the outer continental shelf and was the designated operator of the well, is a "responsible party" for the oil spill under the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701, et seq. Multiple companies, and thousands of those companies' employees, participated in

---

[1] Record citations are to Civil Action No. 17-3199, unless the citation indicates another docket.

the effort to contain, remove, and/or mitigate the oil spill. Unfortunately, some workers were injured while performing this work. Some of injured sought benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901, et seq., or the Louisiana Workers Compensation Act ("La. Comp. Act"), La. R.S. 23:1021, et seq.

LWCC is an insurance company that provides workers' compensation insurance to various employers. (Am. Compl. ¶¶ 4, 6, Rec. Doc. 17). LWCC allegedly paid over $4.2 million in LHWCA or La. Comp. Act benefits to dozens of its insureds' employees that were reportedly injured while working on the oil spill response. (Am. Compl. ¶¶ 6, 15). LWCC then sued BP for reimbursement under § 933 of the LHWCA and/or 23:1101-1103 of the La. Comp. Act and/or article 1829 of the Louisiana Civil Code. (Am. Compl. ¶¶ 15-16). LWCC claims that BP's negligence caused the workers' injuries. (Am. Compl. ¶ 9).[2]

Until recently, LWCC's claims have been consolidated with MDL 2179—the multidistrict litigation that arose from the DEEPWATER HORIZON casualty—and stayed. LWCC initially filed a claim in the Limitation of Liability Action instituted by the DEEPWATER HORIZON's owner. (No. 10-2771, Rec. Doc. 375). In 2017, LWCC filed a separate lawsuit in compliance with Pretrial Order No. 63 (No. 10-md-2179, Rec. Doc. 22295), which became LWCC's operative lawsuit. (Rec. Doc. 1). In

---

[2] LWCC's amended complaint indicates that some injuries were caused by exposure to oil or other chemicals used during the response. However, LWCC's attorney stated on the record in open court that LWCC does not seek reimbursement for chemical exposure injuries, and LWCC waives it right to recover for such claims. (Transcript of 9/23/20 Conf. at 20, Rec. Doc. 26713 in No. 10-md-2179; *see also* Severance Order at 2, Rec. Doc. 6 in No. 17-3199). As the Court appreciates it, LWCC only seeks reimbursement regarding non-exposure personal injuries, such as a slip and fall.

September 2020, the Court severed LWCC's case from the MDL and lifted the stay. (Rec. Doc. 18). After LWCC amended its complaint (Rec. Doc. 17), BP filed the instant motion to dismiss pursuant to Federal Rule 12(b)(6). (Rec. Doc. 18).

## DISCUSSION

BP raises two arguments: one concerns reimbursement for LHWCA benefits, the other concerns reimbursement for La. Comp. Act benefits. The Court discusses the LHWCA first.

BP argues that LWCC's claims under the LHWCA must be dismissed because 33 U.S.C. § 933 "does not create a private cause of action." (Rec. Doc. 24 at 3). However, BP readily concedes that § 933 preserves and codifies an insurer's right to subrogate to and pursue the employee's tort claim against a third-party non-employer. BP states, "The underlying claim that has been assigned to the worker's employer, to whose rights the insurance carrier has been subrogated, is the common law right to pursue a negligence claim against a third party." (Rec. Doc. 24 at 3-4).

Perhaps the Court misunderstands BP's point, but it seems LWCC asserts the very claims that BP concedes LWCC may pursue. LWCC alleges that BP's negligent conduct caused injuries to LWCC's insureds' employees. Subject to certain exceptions not relevant here, those employees could have pursued their negligence claims against BP, a non-employer third-party. *See* 33 U.S.C. 933(a),(b),(f). LWCC, having paid LHWCA benefits to the employees on behalf of their employers, is subrogated to the employees' claims and may assert them against BP.[3] As a general matter, if

---

[3] *See* 33 U.S.C. § 933(h),(b),(d),(e); *Czaplicki v. The Hoegh Silvercloud*, 351 U.S. 525, 530 (1956) ("Under s 33(b) of the Compensation Act [now codified at 33 U.S.C. § 933(b)], Czaplicki's acceptance of

LWCC can prove that BP breached some duty owed to a particular worker that caused the worker's injury, then LWCC may recover from BP as provided in § 933(e). To be clear, this does not mean that § 933 makes BP per se liable to LWCC.

Turning to LWCC's state law claims, BP contends these should be dismissed because the Court previously held in the MDL that state-law personal injury claims pled in the B3 Master Complaint are preempted by federal maritime law. *See In Re Oil Spill by the Oil Rig Deepwater Horizon*, No. MDL 2179, 2011 WL 4575696, at *12 (E.D. La. Sept. 30, 2011), as amended (Oct. 4, 2011) ("B3 Order"). As LWCC points out, however, workers' compensation subrogation claims were not at issue in the B3 Order. The Court also has no knowledge of the details surrounding any of the underlying injuries. In short, the Court is not convinced that it should apply the B3 Order's holding here.[4]

## CONCLUSION

Accordingly,

IT IS ORDERED that BP's Motion to Dismiss First Amended Complaint (Rec. Doc. 18) is DENIED.

---

the compensation award had the effect of assigning his rights of action against third parties to his employer, Northern. Travelers, as Northern's insurer, was in turn subrogated to all Northern's rights by s 33(i) [now codified at 33 U.S.C. § 933(h)]. Travelers, therefore, was the proper party to sue on those rights of action."); *Hartford Accident & Indem. Co. v. Oceancarrier Shipholding of Belgium N.V.*, 799 F.2d 1093, 1096 (5th Cir. 1986) ("A compensation insurer who has paid [LHWCA] benefits to an injured worker may seek recovery from a shipowner whose negligence allegedly caused the injury on the basis that the vessel was negligent toward either the longshoreman-employee or the stevedore-employer."); *see also id.* at 1096-97 (discussing the so-called "*Burnside* direct action").

[4] Furthermore, to the extent BP contends that an insurer's claim for reimbursement of La. Comp. Act benefits cannot be adjudicated under a federal court's admiralty jurisdiction (which may or may not be the case here), the Court does not agree. *See Fid. & Cas. Co. of N.Y. v. C/B Mr. Kim*, 345 F.2d 45 (5th Cir. 1965).

4

New Orleans, Louisiana, this 11th day of March, 2021.

_____
United States District Judge